FILED
VANESSA L. ARMSTRONG, CLERK
MAR 16 2011
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-401-H

KRISTINA M. FREDERICK            PLAINTIFF

V.

OLDHAM COUNTY AMBULANCE
TAXING DISTRICT, et al.            DEFENDANTS

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of the attorneys, it is my duty to give you instructions on the law applicable to this case.

It is your duty as jurors to follow the law stated in the instructions, and to apply it to the facts you find from the evidence. Do not single out one instruction alone as stating the law. Rather, consider the instructions as a whole. Do not let the wisdom of any rule of law concern you. You must apply the law in these instructions whether you agree with it or not.

Your primary duty is to determine the facts. In so doing, you must consider only the evidence I have admitted. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. The statements, objections, and arguments of the lawyers are not evidence. What the lawyers have said is not binding upon you. You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

By telling you to consider the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the

credibility or believability of each witness and the weight to be given their testimony. You may measure the credibility of any witness by considering their demeanor on the witness-stand, their frankness or lack of it, and their interest in the outcome of the case, if any.

A witness may be discredited or impeached by contradictory evidence or by evidence that the witness said or did something, or failed to say or do something, at some other time, which is inconsistent with the witness' present testimony. If you believe any witness has been impeached, and thus discredited, you may determine the weight, if any, to give such a conclusion.

The rules of evidence permit a witness who by education and experience has become an expert in any art, science, or profession to state an opinion and the reasons for it. You should consider this evidence and give it such weight as you, in the application of your common sense, may think it deserves.

The number of witnesses testifying as to the existence or nonexistence of any fact does not, necessarily, determine the weight of the evidence. The quality and credibility of the evidence is usually more important in your deliberations.

In this case, Plaintiff must persuade you that her claim is more likely true than not. If Plaintiff fails to persuade you on every essential element of her claim, then you should find for Defendant on that claim.

# INSTRUCTION NO. 1

It is unlawful for an employer to allow a hostile work environment. Plaintiff claims that she was subjected to such a hostile work environment that affected her work. In this instance, the Oldham County Ambulance Taxing District is legally responsible for the actions of its agents and employees. To succeed on this claim, Plaintiff must prove each of the following elements is more likely true than not.

(1) Plaintiff was subjected to unwelcome sexual conduct.

(2) The conduct was based on her gender.

(3) The conduct was so severe or pervasive that it created a hostile work environment.

As to element one, conduct is not welcome if the Plaintiff did not solicit or invite the conduct and regarded the conduct as undesirable or offensive.

As to element three, in determining whether the conduct created a hostile work environment, you must find that the conduct was severe or pervasive. In making this determination, you must look at all the circumstances and you must find that a reasonable person in Plaintiff's circumstances would find the work environment to be hostile or abusive. You may consider a number of factors, including the frequency of the conduct complained of; its severity; whether it was physically threatening or humiliating, or merely offensive; whether it unreasonably interfered with Plaintiff's work performance; and the effect on Plaintiff's psychological well-being. No single factor is required in order to find a work environment hostile or abusive.

If you find that Plaintiff has proved each of the three elements above, enter a verdict for Plaintiff under Question 1 of the Verdict Form. If you find that Plaintiff has failed to prove any

one of these elements, enter a verdict for Defendant.

Whatever your verdict, proceed to Instruction No. 2.

# INSTRUCTION NO. 2

It is unlawful for an employer to demand sexual favors in return for a job benefit. Plaintiff alleges that she was subjected her to such quid pro quo sexual harassment. The Oldham County Ambulance Taxing District is legally responsible for the actions of its employees. To prevail on this claim, Plaintiff must prove all of the following are more likely true than not:

(1) Plaintiff was subjected to unwelcome sexual conduct;

(2) Plaintiff's submission to that conduct was an express or implied condition for receiving a job benefit;

(3) Plaintiff received a tangible employment benefit, that is promotion; and

(4) Plaintiff's submission to the sexual conduct was a motivating factor in the employment action benefit.

As to element one, conduct is not welcome if the Plaintiff did not solicit or invite the conduct and regarded the conduct as undesirable or offensive.

As to element three, a tangible employment action is defined as a significant change in employment status, which in this instance is a promotion.

If you find that Plaintiff has proved each of these elements, enter a verdict for Plaintiff under Question 2 of the Verdict Form. If you find that Plaintiff has failed to prove any one of these elements, enter a verdict in favor of Defendant.

If you have found for Plaintiff under Instruction No. 1 or No. 2, you must decide the issue of damages. If you have not found for Plaintiff under either of these instructions you may sign and date the verdict form and return to the courtroom.

# INSTRUCTION NO. 3

Plaintiff has claimed damages for emotional distress. You may award emotional distress damages only for injuries that Plaintiff suffered as a result of Defendant's wrongful conduct that you have found under Instructions No. 1 or No. 2.

(1) Plaintiff is not automatically entitled to damages for emotional distress. In order to be entitled to emotional distress damages, Plaintiff must prove that she has suffered mental anguish, humiliation, embarrassment, or stress, as a consequence of unlawful discrimination, harassment, or retaliation on the part of Defendants.

(2) If you find in favor of Plaintiff under Instructions No. 1 or No. 2, but you find that Plaintiff's damages have no monetary value, then you must return a verdict for Plaintiff in the nominal amount of One Dollar ($1.00).

Please enter the amount of your verdict for emotional distress, if any, in Question No. 3 of the Verdict Form. If you find there are no damages but have found for Plaintiff on any previous instructions, please mark nominal damages under Question No. 3 of the Verdict Form.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and even change your opinion, if you become convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select someone to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the Verdict Form with respect to each issue on which you unanimously agree. The foreperson will then date the form and sign it with his or her name and jury number. You will then return to the courtroom with your verdict.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-401-H

KRISTINA M. FREDERICK                                            PLAINTIFF

V.

OLDHAM COUNTY AMBULANCE
TAXING DISTRICT, et al.                                          DEFENDANTS

**VERDICT FORM**

**QUESTION NO. 1:**

    Plaintiff _____           Defendant _____

**QUESTION NO. 2:**

    Plaintiff _____           Defendant _____

**QUESTION NO. 3:**

    Emotional distress damages:         $_____

    Nominal Damages ($1.00):            _____


_____
FOREPERSON

JUROR NO. _____

DATE _____