UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-401-H

KRISTINA M. FREDERICK                                                   PLAINTIFF

V.

OLDHAM COUNTY AMBULANCE
TAXING DISTRICT, et al.                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Lance Vincent has filed bills of costs in the amount of $9,777.11 pursuant to LR 54.3, 28 U.S.C. §1920, and Rule 54(d). Fed. R. Civ. P. 54(d). Kristina Frederick objects to any costs incurred in connection with Vincent's cross-claims against Bobby Thacker and Cristy Link Skaggs, video and non-testifying deposition costs, and Vincent's own deposition costs.[1] Frederick further states Vincent should bear his own costs because he failed to earlier raise a successful defense; without this delay, he would not have incurred the costs he now seeks. Vincent was a defendant in this action until September of 2010, when he was dismissed from the action on summary judgment. For the reasons that follow, the Court will not award Vincent costs.

I.

"Costs recoverable under Rule 54(d) are specified in 28 U.S.C. § 1920." *King v. Gowdy,* 268 F. App'x 389, 390 (6th Cir. 2008) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987)). "In awarding costs, the district court looks at whether the expense is

---

[1] Frederick further argued that Vincent was not entitled to private process server fees nor computer expert fees. Vincent now agrees and no longer seeks the additional $4,575 for such costs.

an allowable cost item under the statute and, if so, that the amount is reasonable and necessary. District courts may not award costs not authorized by the statute." *Id.* at 391 (citations omitted). The statute provides for the following costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. §1920.

"The court has broad discretion in allowing or disallowing the particular items listed in §1920 as costs." *BDT Prods., Inc. v. Lexmark Int'l, Inc.,* 405 F.3d 415, 419 (6th Cir. 2005). "It is generally recognized that courts may interpret the meaning of items listed in . . . §1920." *Id.* (quoting Kurtis Kemper, Annotation, *Taxation of costs associated with videotaped depositions under 28 U.S.C. §1920 and Rule 54(d) of Federal Rules of Civile Procedure,* 156 A.L.R. Fed. 311 (2004) (quotations omitted)). "[T]he party objecting to the clerk's taxation has the burden of persuading the court that it was improper." *Id.* at 420 (quoting 10 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil* 3d §2679 (1998)).

II.

The Court cannot find any general bar to recovering costs on cross-claims. *See Black v. United States,* 444 F.2d 1215 (10th Cir. 1971); *see also In the Matter of the Complaint of Christiansen Marine, Inc.,* No. 2:95cv896, 1996 WL 616188 (E.D. Va. April 11, 1996). However, these cross-claims were severed from the instant action in September 2010. Though

the cross-claims may have defensive elements, the Court cannot conclude that deposition costs incurred in claims that were deemed sufficiently independent to be severed were necessary costs for the instant action.

"Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall,* 873 F.2d 115, 120(6th Cir. 1989). Previously in this action, this Court has denied video transcript costs when deponents were known to be appearing at trial or were not called. The costs requested here seem even less viable for recovery.[2]

Vincent was, at one time, a party to this action and a key player in the events that formed the basis of Frederick's claim. Some courts have found it acceptable to tax the costs of a defendant's deposition. *See Hargo v. Waters,* No. 8:04-cv-2256-T-26MSS, 2006 WL 5042033 (M.D. Fla. May 25, 2006) and *Patrick v. Bishop State Cmty. Coll.,* No. 10-0188-WS-M, 2011 WL 2784585 (S.D. Al. July 15, 2011). On the other hand, a "defendant['s] own deposition transcript[] may not be taxed because [it was] not 'necessarily incurred.' The testimony of th[is] individual[], as part[y] to the litigation, was readily available without the need of deposition transcripts. No special circumstances have been demonstrated, and the costs of deposition transcripts purchased merely for the convenience of counsel shall not be taxed." *Legrice v. Harrington,* No. 09-10132-RBC, 2010 WL 2991670 (D. Mass. July 26, 2010).

Plaintiff also argues Vincent had several options by which he could have defended suit

---

[2]Specific to video depositions, Vincent claims he did not "request, receive or pay for a video copy of any deposition," but instead received printed copies of all depositions taken during discovery. Regardless, the Sixth Circuit has affirmed a district court that "tax[ed] both the cost of videotaping and transcribing a deposition." *BDT Products, Inc.,* 405 F.3d at 420.

3

and delayed raising these defenses, unnecessarily incurring costs. The Court will not speculate as to when Vincent would have sufficient evidence to successfully raise a defense to all claims against him, but has decided not to award costs based on other considerations.

For the reasons stated, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Vincent's request for costs is denied.

cc: Counsel of Record